```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                                 :
JHONENSY MATOS,                                                  :
                                                                 :
                              Plaintiff,                         :
                                                                 :       25-cv-01382 (LJL)
            -v-                                                  :
                                                                 :       MEMORANDUM AND
DONALD TRUMP,                                                    :            ORDER
                                                                 :
                              Defendant.                         :
                                                                 :
-----------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/9/2025

LEWIS J. LIMAN, United States District Judge:

Plaintiff brings this *pro se* action against President Donald Trump. The complaint, filed on February 18, 2025, alleges that Plaintiff is a CEO and that he has been denied his due "papperwork" [*sic*] and "pay." Dkt. No. 1 ("Compl.") at 2. For the following reasons, the complaint is dismissed without prejudice to amend.

The Court is generally "obligated to construe a *pro se* complaint liberally," *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and "to raise the strongest arguments that [it] suggest[s]," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (emphasis omitted) (citations omitted). Nevertheless, the Court may dismiss a complaint *sua sponte* if it finds the claims in the complaint to be frivolous, even if the plaintiff has paid the requisite filing fees. *See Fitzgerald v. First E. Seventh Street Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (per curiam) (citing *Pillay v. INS*, 45 F.3d 14, 16–17 (2d Cir. 1995) (per curiam)); *see also Mallard v. U.S. Dist. Court for the Southern Dist. of Iowa*, 490 U.S. 296, 307–08 (1989) ("Section 1915(d), for example, authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have the power to do so even in the absence of this statutory provision.").

Plaintiff's complaint states that he is a "permanent resident" of the Bronx.  Compl. at 2–3.  According to the complaint, the federal constitutional or statutory basis for Plaintiff's claims is that he has "[b]een told with no help, I'm the CEO. Thus leaving me with no pay. Or CEO protection. I need papperwork [*sic*]."  *Id* at 2.  On the Civil Cover Sheet accompanying the complaint, Plaintiff indicated that this Court has diversity jurisdiction, not federal questions jurisdiction.  Dkt. No. 2 at 2.[1]  Plaintiff states that he has "struggled looking for papperwork [*sic*] stating I am CEO by courts…I'm not getting paid."  Compl. at 5.  Plaintiff states that the injury he has suffered is "mental abuse," *id*. at 6, and he is suing Donald Trump, whom the complaint refers to as the "CEO" of the "U.S.A.," *id*. at 4, in order to recover his "current paycheck" and to "obtain an interview," *id*. at 6.  No service has yet been effected on the defendant.

Plaintiff's complaint, even when read "liberally," *Mills*, 572 F.3d at 72, appears to be frivolous.  A claim is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (*abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)); *see also Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) ("An action is 'frivolous' when either: (1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory.") (citations omitted).  A complaint is frivolous in its facts when, for example, it is "vague and incomprehensible," *Landesberg v. Legislative and Judicial Branches of Government*, 1997 WL 473585, at *4 (S.D.N.Y. 1997), or when its allegations are delusional or fantastical, *Livingston*, 141 F.3d at 437.  Similarly, a complaint can frivolous in its legal foundation when it is premised on an inarguable legal theory, *see, e.g.*, *Esseily v. Guiliani*, 2000 WL 1154313, at *1 (S.D.N.Y. 2000), or when it violates an

---

[1] ECF pagination.

uncompromising tenet of the law, *see, e.g.*, *Clark v. Schroeder*, 847 Fed.Appx. 92, 93-94 (2d Cir. 2021) (holding that the Eleventh Amendment immunized defendant and rendered the lawsuit frivolous).

Plaintiff's complaint has no discernible basis in fact or in law and is, therefore, frivolous. The complaint's central allegation is that Plaintiff has "[b]een told with no help, I'm the CEO. Thus leaving me with no pay. Or CEO protection. I need papperwork [*sic*]." Compl. at 2. This statement is "vague and incomprehensible," as it fails to name or describe any concrete facts that could give rise to a viable suit. It does not explain the relevance of President Trump to the allegations. And it does not provide crucial information, such as the name of the company of which Plaintiff is the purported CEO or why he should be recognized as such. The lack of any factual allegations is mirrored by the complaint's obscure legal foundation: in addition to failing to name any statute or constitutional provision implicated by Plaintiff's allegations, the Plaintiff indicates contradictory bases for this Court's jurisdiction in his court filings. On the Civil Cover Sheet, Plaintiff indicated that this Court has diversity jurisdiction over the case, Dkt. No. 2 at 2, whereas in the complaint, he indicated that this Court has federal questions jurisdiction, Compl. at 2. The complaint also fails to refer, implicitly or explicitly, to any statute or constitutional provision that has been violated. The complaint's lack of any specific facts and its failure to make clear its legal foundation render it frivolous, and this Court therefore possesses the authority to *sua sponte* dismiss the complaint.

District courts typically permit plaintiffs to amend and re-file deficient complaints, but there are "extraordinary circumstances," such as when "the substance of the claim pleaded is frivolous on its face," when leave to amend is inappropriate. *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, in a case with a complaint similar to this one—written in such a way

that its factual and legal bases were not discernable and alleging that high-level politicians denied Plaintiff millions of dollars that were his due—a court in this District dismissed the complaint as frivolous and denied the plaintiff leave to amend it because any amendment would be "futile." *Munsif v. Honorable Attorney General of USA*, 2019 WL 8751928, at *2 (S.D.N.Y. 2019). On appeal, the Second Circuit agreed with the district court's reasoning that because the plaintiff "failed plausibly to allege any claim," and because "it is unclear what type of legal claim he is trying to assert," "the district court properly dismissed [the plaintiff's] claim without leave to amend." *Munsif v. Barr*, 797 Fed.Appx. 658, 660 (2d Cir. 2020).

Dismissal without leave to amend may be particularly appropriate for certain kinds of frivolous complaints. For example, when a plaintiff purports to sue a government official in violation of that official's immunity to suit, no amendment could rid a complaint filed in such a case of its frivolous nature. *See Schroeder*, 847 F.Appx. at 93 ("One example of a claim 'based on an indisputably meritless legal theory' is a claim brought against a defendant who is 'clear[ly] . . . immune from suit.'") (quoting *Neitzke*, 490 U.S. at 327)).

Nonetheless, district courts "should freely give leave [to amend a complaint] when justice so requires." Fed. R. Civ. P. 15(a)(2). Such leave may be appropriate even if the complaint appears to be frivolous. *Cf. Denton v. Hernandez*, 504 U.S. 25, 34 (1992) ("If it appears that frivolous factual allegations could be remedied through more specific pleading, a court of appeals reviewing a § 1915(d) disposition should consider whether the district court abused its discretion by dismissing the complaint with prejudice or without leave to amend."). District courts should be especially willing to grant such leave when the complaint has been filed by a *pro se* plaintiff. *See Grullon v. City of New Haven*, 720 F.3d 133, 140 (2d Cir. 2013) ("[A] *pro se* complaint generally should not be dismissed without granting the plaintiff leave to amend at

least once."); *see also Holmes v. Goldin* 615 F.2d 83, 85 (2d Cir. 1980) ("A *pro se* plaintiff . . . should be afforded an opportunity fairly freely to amend his complaint."). Though the complaint's claims are obscure and its claims may ultimately prove irremediably frivolous, the Court should permit a *pro se* plaintiff an opportunity to amend "unless the court can rule out any possibility, however unlikely it may be, that an amended complaint would succeed in stating a claim." *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 796 (2d Cir. 1999).

Thus, out of an abundance of caution, and bearing in mind the "special solicitude" afforded complaints filed by *pro se* litigants, *Ruotolo v. I.R.S.*, 28 F.3d 6, 8 (2d Cir. 1994), the Court grants Plaintiff thirty days to amend his complaint.

Plaintiff's complaint is DISMISSED WITHOUT PREJUDICE to filing an amended complaint.

SO ORDERED.

Dated: June 9, 2025
New York, New York

LEWIS J. LIMAN
United States District Judge